# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:05cv275

| | |
|---|---|
| LOWE'S COMPANIES, INC., | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| PACIFIC RESEARCH GROUP, INC., | ) |
| Defendant. | ) |

**THIS MATTER** is before the court a "Consent Protective Order" sent to the court via Cyberclerk, but unaccompanied by a motion. Rule 7(b)(1), Federal Rules of Civil Procedure, requires that an "application to the court for an order shall be by motion . . . ." While the parties are commended for working together to move this case forward, they are respectfully advised that Cyberclerk is not a substitute for filing a motion. A motion is needed so that the court can track its work and determine whether the requested relief is appropriate and made in a timely fashion. This is especially true where a "protective order" is sought, inasmuch as protective orders only issue upon a showing of good cause.

The benefits of a motion are made evident by the status of these proceedings. First, issues have not fully joined inasmuch as defendant's objections to the undersigned's recommendation concerning dismissal of its counterclaim are now under advisement by the district court. Because issues have not joined, the parties' Certificate of Initial Attorney's Conference ("CIAC") and proposed discovery plan has not yet been acted upon by undersigned. If the parties are engaging in pre court-ordered discovery, they are commended for their efforts and advised that they may, in the mean time, stipulate under Rule 29 that disclosure of any such discovery shall be limited and subject to a protective order to be

1

entered in the future.

## ORDER

**IT IS, THEREFORE, ORDERED** that entry of the proposed Protective Order received via Cyberclerk is declined for non-compliance with Rule 7(b)(1), Federal Rules of Civil Procedure.

Signed: September 5, 2006

Dennis L. Howell
United States Magistrate Judge