UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05-cv-275

LOWE'S COMPANIES, INC.,           )
                                  )
              Plaintiff,          )
                                  )          MEMORANDUM AND ORDER
v.                                )
                                  )
PACIFIC RESEARCH GROUP, INC.,     )
                                  )
              Defendant.          )
_____ )

On May 22, 2006, Plaintiff Lowe's moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the

Second Claim for Relief (for "fraud and misrepresentation") asserted by Defendant Pacific Research

Group in its Counterclaim. Pursuant to its standing orders of designation and 28 U.S.C. § 636, the

Court referred the motion to the magistrate judge for a recommendation as to disposition. The

magistrate judge subsequently recommended that Lowe's motion to dismiss be granted.

Presently before the Court are Pacific's timely objections to, *inter alia*, the magistrate judge's

memorandum and recommendations. Based on its de novo review of those portions of the M&R to

which Pacific objects, the Court concludes (1) Pacific's counterclaim for fraud and misrepresentation

is limited to the alleged representations concerning the manner of payment, as specified in

paragraphs 75 through 78 of the Counterclaim; and (2) Pacific has failed to allege any

extra-contractual duty or pre-contractual scheme that could support a claim for fraud and

misrepresentation, as required by North Carolina law.[1]

_____

[1] With regard to those portions of the M&R to which specific objections were not made, after a careful
review, the Court finds that the magistrate judge's findings of fact supported by the record and that the proposed
conclusions of law are consistent with current case law, and the Court hereby incorporates them by reference.

DISCUSSION

1.    <u>Pacific's First "Objection."</u>

As an initial matter, Pacific "objects" to this Court's referral of the Motion to Dismiss to the magistrate judge for a recommendation as to disposition. (<u>See</u> Plaintiff's Objections at 1-2 ("Pacific objects to its constitutional rights being violated by the Motion to Dismiss being heard and determined by the Honorable United States Magistrate Judge.") (citing Title 28 U.S.C. Section 636(b)(1)(A)). The objection is not well-founded in law or fact, as Section 636(b)(1)(B) specifically authorizes the Court to designate a magistrate judge to issue a memorandum and recommendation on, i.e., motions to dismiss. And, where proper objections are made, this Court will review the objections under a de novo standard. 28 U.S.C. § 636(b)(1); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983).

2.    <u>Pacific's Second Objection</u>

In its Second Objection to the M&R, Pacific asserts that it has satisfied the pleading requirements for fraud under Fed. R. Civ. P. 7, 8, and 9(b) because the elements of fraud in North Carolina do not require the allegation of a breach of duty. (<u>See</u> Plaintiff's Objections, at 5-6 (" North Carolina law going back more than 100 years permits actions for fraud in contract cases" and "[t]he elements of fraud under North Carolina law do not require a specific allegation of a breach of duty as this case does not involve a constructive trust, control over a corporation (fiduciary) or securities law.")). This would be relevant if the fraud claim were asserted where there was no contractual relationship between the parties. The Court, however, finds that Under North Carolina law, in order to state a viable claim in tort for conduct that is alleged to breach a contract, a plaintiff must allege

2

a duty owed him by the defendant which is separate and distinct from any duty owed under a contract.[2]  Here, Pacific fails to allege in its Counterclaim that Lowe's breached any duty separate from its contractual duties to pay Pacific for its services.  Every misrepresentation alleged by Pacific in its Counterclaim relates to Lowe's failure to pay, or its delay in paying, amounts allegedly owed under the parties' contract. (See Defendant's Answer, ¶¶ 12, 14, 17; Affirmative Defenses, ¶ 3; Counterclaim, ¶¶ 38, 44, 46, 47).  Pacific thus remains unable to separate the alleged misrepresentations about payment from its counterclaim for breach of contract. (Compare Counterclaim ¶¶ 62-65 with ¶¶ 75-79).

Pacific also appears to assert that its claim is one for fraudulent inducement. (See Plaintiff's Objections at 6-7 ("[t]here would not have been a contract but for the fraudulent representations and inducement by Lowe's of the payment of $641,250.00 . . . These misrepresentations were repeated from July through early November 2005.").  Pacific, however, cannot claim fraudulent inducement based on its pleading.  As noted by the magistrate judge, at no point in its Answer, Affirmative Defenses or Counterclaim does Pacific allege any false statements made by Lowe's prior to the contract (which Pacific alleges was formed in July 2005) and which continued through the execution of the contract.  Nor does Pacific claim that such alleged statements as those regarding Lowe's budget for the project and promises to pay were false when made, but only that Lowe's failed to

----

[2]See, e.g., Vanwyk Textile Sys., B.V. v. Zimmer Mach. Am., Inc., 994 F. Supp. 350, 362 (W.D.N.C. 1997); Norman v. Tradewinds Airlines, Inc., 286 F. Supp. 2d 575, 595 (M.D.N.C.2003) ("[I]n order to be liable for fraud, the promissor must do something more than just disregard or break its promises."); US LEC Communications, Inc. v. Qwest Communications Corp., No. 05-11, 2006 WL 1367383, at *2 (W.D.N.C. May 15, 2006) (same); Strum v. Exxon Co., U.S.A., 15 F.3d 327, 330 (4th Cir. 1994) (holding that a tort claim may accompany a breach of contract claim only where the conduct constituting the breach is also an "independent tort.") (citing Restatement (Second) of Contracts § 355 (1981)); cf. Hoyle v. Bagby, 117 S.E.2d 760, 762 (N.C. 1961) ("It is the general rule that an unfulfilled promise cannot be made the basis for an action for fraud.") (citation omitted); Branch Banking & Trust Co. v. Thompson, 418 S.E.2d 694, 700 (N.C. App. 1992) (holding that a mere breach of contract, even if intentional, is not enough to sustain a claim under North Carolina's Unfair and Deceptive Trade Practices Act).

follow through *after* the parties agreed that Pacific would be paid in installments. (<u>Compare</u> <u>with</u> <u>Wilson v. Mcaleer</u>, 368 F. Supp. 2d. 472 (M.D.N.C. 2005) (holding that the plaintiff's allegations were sufficient to support a separate fraud claim because they suggested "a fraudulent and deceitful scheme that extended prior to the formation of any contract . . . and continued through the execution of the contract.")). Even accepting its allegations as true, Pacific could not be induced to enter into a contract based on representations made after formation. And, as noted by the magistrate judge, the mere failure to carry out a contractual promise cannot support a tort action for fraud. <u>Vanwyk</u>, 994 F. Supp. at 362.[3]

CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Pacific Research Group's Objection to the magistrate's memorandum and recommendation (Doc. No. 27) be **DENIED** and Plaintiff Lowe's Motion to Dismiss (Doc. No. 16) be **GRANTED**.

Signed: March 29, 2007

Robert J. Conrad, Jr.
Chief United States District Judge

---

[3]Because the Court finds that for the aforementioned reasons Pacific has failed to state a claim for fraud and misrepresentation under North Carolina law, the Court will not address whether Pacific's claim is also barred by the economic loss doctrine.